118

UNITED STATES LABOR PARTY,
a/k/a National Caucus of Labor Com-
mittees, et al., Plaintiffs-Appellees,

v.

Michael J. CODD, individually and as
Commissioner of the Police Depart-
ment of the City of New York, De-
fendant-Appellant,

and

Anthony Elar, individually and as Chief
of Police of Freeport, Long
Island, Defendant.

No. 160, Docket 75–7240.

United States Court of Appeals,
Second Circuit.

Argued Nov. 17, 1975.

Decided Dec. 9, 1975.

William P. DeWitt, New York City
(W. Bernard Richland, Corp. Counsel,
and L. Kevin Sheridan, New York City,
of counsel), for defendant-appellant.

Jay C. Carlisle, II, New York City
(Paul G. Chevigny, New York City, on
the brief), for plaintiffs-appellees.

Before FEINBERG, MANSFIELD and
GURFEIN, Circuit Judges.

GURFEIN, Circuit Judge:

This is an appeal from a decision of
the United States District Court for the
Eastern District of New York, Jack B.
Weinstein, *Judge*, 391 F.Supp. 920, which
found Section 435–6.0(h) of the New
York City Administrative Code, estab-
lishing a five-dollar fee for the issuance
of a daily permit to use a sound amplifi-
cation device, to be an unconstitutional
violation of the right of free speech, and
permanently enjoined its enforcement.[1]

The United States Labor Party
(USLP) and certain of its members
brought this class action pursuant to 42
U.S.C. § 1983 and its jurisdictional coun-
terpart, 28 U.S.C. § 1343(3). They al-

1. Section 435–6.0(h) of the New York City Ad-
ministrative Code provides:

"Fees—Each applicant for a permit issued
under the provisions of this section shall pay
a fee of five dollars for the use of each
sound device or apparatus for each day, pro-
vided, however, that permits for the use of
such sound devices or apparatus shall be
issued to any bureau, commission, board or
department of the United States govern-
ment, the state of New York and the city of
New York without fee."

leged that members of the USLP, in the course of gathering signatures needed to place the names of USLP candidates on the ballot for election to various offices, used sound amplification equipment (commonly known as "bullhorns") to solicit signatures from members of the public. They further alleged that defendant Codd, New York City Police Commissioner, and his agents, have required appellees, pursuant to § 435–6.-0(h) of the Administrative Code, to pay five dollars to obtain a permit for each site at which sound amplification equipment was to be used.[2] Plaintiffs argue that § 435–6.0(h) is facially unconstitutional in that it interferes with their rights to freedom of speech and assembly. Plaintiffs have failed to prove that they are unable to pay the fees charged. The case was submitted on the theory that the city could not charge any fee for a permit to use loudspeakers without offending the constitutional guarantee. Nor is there a claim that the ordinance, except for the fee, is unduly restrictive or discriminatory.[3]

Plaintiffs were granted a preliminary injunction which, after a full evidentiary hearing, was made permanent. The district court found that the cost to the city of processing the issuance of a permit actually exceeded the five-dollar fee charged. The court was also of the opinion that the city could save money if it were to issue permits without fee at the police precincts rather than at a central location. It accordingly found that there was no "overwhelming" need to charge the five-dollar fee. The court concluded that the fee amounted to "an unconstitu-

tional clog on the exercise of free speech and the right to participate in free elections."

Even if a fee requirement involving a First Amendment right must be "closely scrutinized" to see whether it is reasonably necessary to a legitimate municipal goal, see *Bullock v. Carter*, 405 U.S. 134, 144, 92 S.Ct. 849, 31 L.Ed.2d 92 (1972); *Lubin v. Panish*, 415 U.S. 709, 94 S.Ct. 1315, 39 L.Ed.2d 702 (1974), the five-dollar fee represents less than the actual cost of the municipal service required. It is, therefore, a reasonable fee in the absence of proof of the indigence of a political party so pervasive as to make payment of even this modest fee beyond its reach. There is no such proof here. Without proof of indigence, there is no discrimination against anyone in the circumstances.[4]

*Cox v. New Hampshire*, 312 U.S. 569, 61 S.Ct. 762, 85 L.Ed. 1049 (1941), upheld a license fee imposed in connection with the granting of a permit for parades or processions on public streets. Noting that the Supreme Court of New Hampshire had found that the license fee was "not a revenue tax, but one to meet the expense incident to the administration of the act and to the maintenance of public order in the matter licensed," the Court concluded that "[t]here is nothing contrary to the Constitution in the charge of a fee limited to the purpose stated." *Id.* at 577, 61 S.Ct. at 766.

Though *Cox* dealt with parades and processions, we find this case indistinguishable from *Cox*. The court below specifically found that the administrative

---

**2.** Plaintiffs have alleged that a separate permit is required for each site at which a bullhorn is to be used. However, the attorney for the city stipulated at oral argument that a single permit (with only one five-dollar charge) can be obtained for use of a bullhorn at multiple locations on a single day, and the ordinance so reads.

**3.** The complaint originally attacked the entire licensing scheme as a prior restraint violative of the First Amendment. However, this claim

was withdrawn, and it was stipulated that only the legality of the five-dollar fee was being challenged. Appellees did not press for a class action determination.

**4.** In *Lubin v. Panish, supra*, the petitioner, who was not allowed to file as a candidate, swore that he was an indigent person unable to pay the fee required. 415 U.S. at 714, 94 S.Ct. at 1319. Claims that the police discriminated against the Party were not pressed at trial.

costs associated with the enforcement of the licensing ordinance far exceeded the five dollars charged for a permit.[5] The control here exerted was "not to deny or unwarrantedly abridge the right of assembly and the opportunities for the communication of thought and the discussion of public questions immemorially associated with resort to public places." *Cox, supra*, 312 U.S. at 574, 61 S.Ct. at 765.

Nor are we aware of any more recent pronouncements of the Supreme Court casting doubt upon the vitality of *Cox v. New Hampshire*. In *Murdock v. Pennsylvania*, 319 U.S. 105, 113–14 & n. 8, 63 S.Ct. 870, 875, 87 L.Ed. 1292 (1943), the license fee was declared invalid because, as Mr. Justice Douglas wrote, "[i]t is not a nominal fee imposed as a regulatory measure to defray the expenses of policing the activities in question." "The constitutional difference between such a regulatory measure and a tax on the exercise of a federal right has long been recognized." In *Lubin v. Panish, supra*, not only was the candidate indigent, but the statute allowed no way of getting on the ballot, even by write-in, without paying the filing fee imposed as a condition to being listed on the ballot. Here appellees may freely gather signatures to put candidates on the ballot without the use of loudspeaker equipment.

Believing the rationale of *Cox v. New Hampshire* to be unimpaired,[6] we must reverse the judgment of the district court with a direction that the complaint be dismissed.[7]

---

**5.** The district court stated that costs could be reduced by issuing free permits at the precinct level. However, it did not find as a fact that the cost would then be below $5.00, and no such finding would be justified on this record, because some central checking would still be necessary to prevent chaos in issuing permits.

**6.** *Hull v. Petrillo*, 439 F.2d 1184 (2 Cir. 1971), which did not mention *Cox v. New Hampshire, supra*, sustained a complaint by the Black Panthers based on the claim that the police were *harassing* them in the sale of their newspapers. The discussion of the constitutionality of the fee required for a license which was "granted by the mayor 'to such persons as he shall deem proper,'" *id.* at 1185–86, was, in the circumstances, *obiter*.

**7.** The complaint also named as a defendant Anthony Elar, Chief of Police of Freeport, Long Island. However, the case against Elar was dismissed with prejudice.